IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RECEIVABLES PURCHASING CO., INC.                                                      PLAINTIFF

v.                                         Civil No. 05-2083

ENGINEERING AND PROFESSIONAL SERVICES, INC.                          DEFENDANT

**O R D E R**

Before the court is the motion to strike errata sheet filed April 12, 2006, by defendant Engineering and Professional Services, Inc. Plaintiff Receivables Purchasing Co., Inc. has responded. (Docs. 29-1, 29-2, 33, 34).

Plaintiff factors invoices and accounts receivables of construction subcontractors and vendors. In its complaint, plaintiff alleges that it purchased invoices from RJS, a construction subcontractor, for work that RJS performed for the defendant, a general contractor, but defendant failed to pay the accounts receivable. Plaintiff claims that defendant fraudulently induced the plaintiff to take the assignment of invoices; *i.e.,* an employee of defendant induced Ralph Lewis, president and one of two owners of the plaintiff, to purchase the invoices by falsely representing that RJS's work was done. Defendant has asserted defenses of setoff and recoupment on the ground the defendant was required to redo and repair RJS's work while plaintiff counters it has made no breach of contract claim and these are not valid defenses to a fraud claim.

On February 7, 2006, defense counsel took the deposition of Ralph Lewis. On March 31, 2006, Lewis's attorney returned Lewis's errata sheet to the court reporter. According to the defendant, Lewis acknowledged in his deposition that he was not aware of any evidence of fraud by

defendant but, in his errata sheet, Lewis attempts to change his testimony regarding this lack of evidence without providing credible reasons for the changes as required by Fed. R. Civ. P. 30(e). Defendant asks this court to strike the errata sheet and order the court reporter to certify the deposition transcript without the proposed changes.

Rule 30(e), which authorizes "changes in form or substance," requires that the deponent request review of a transcript prior to completion of the deposition. Presumably, that occurred in this case. In the errata sheet, Lewis has given reasons for each of his changes, as required by the rule, and it is not for this court to examine the sufficiency, reasonableness or legitimacy of the reasons given, even if the changes are unconvincing. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (10th Cir. 1997) (citation omitted). However, the errata sheet will be appended to the deposition while the original answers will remain and can be read at trial and used for impeachment. *See* Rule 30(e); Wright, Miller & Marcus, Federal Practice and Procedure, Civil: § 2118 (1994); *Thorn v. Sundstrand Aerospace Corporation*, 207 F.3d 383, 389 (7th Cir. 2000); *Podell* at 103. Further, defendant may move to reopen the deposition to give defendant a chance to impeach plaintiff with his contradictory answers. *See Foutz v. Town of Vinton*, 211 F.R.D. 293, 295 (D.C.Va. 2002); *U.S. v. Piqua Engineering, Inc.*, 152 F.R.D. 565, 567 (D.C. Ohio, 1993).

According to the above, the motion to strike errata sheet is hereby denied and the court reporter is directed to certify the transcript as provided in Rule 30(e) and (f).

IT IS SO ORDERED this 25th day of April 2006.

/s/Beverly Stites Jones  
HON. BEVERLY STITES JONES  
UNITED STATES MAGISTRATE JUDGE